CRINION and others v. NELSON.

A mortgage deed, under the statute of this State, being made only to secure the payment of a debt, may be assigned by writing unsealed.

Error to St. Louis Court of Common Pleas.

KNOX for Plaintiff.

BLANNERHASSET for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

Nelson sued Crinion in the court of common pleas, where he had judgment, and to reverse that judgment Crinion prosecutes this writ of error.

The proceeding is under the statute concerning mortgages. Crinion executed and delivered to one John H. Taylor a mortgage deed on certain property in the city of St. Louis, to secure the payment of fifteen hundred dollars, and Taylor assigned this mortgage to Nelson, the plaintiff in the inferior court, appellee here ; and Nelson brought the suit in his own name, and it is contended by the appellant that the appellee, plaintiff below, could not sue on this mortgage deed, because the assignment was not under seal.

The statute is this, "In all cases of any debt secured by mortgage, the assignee may sue for the recovery of the debt in his own name, setting forth the assignment," &c. See the act of 1839, concerning mortgages. A mortgage deed under our statute, is no more than a bond to pay mo-

ney; which bond it is agreed betwixt the obligor and obligee shall be satisfied out of the money for which a certain parcel of land therein mentioned shall be sold. Judgment being obtained on the instrument of writing sued on, for the money thereby secured to be paid, the act directs that the land shall be sold by the sheriff, the debt satisfied, and the residue of the money, if any, after the debt is satisfied, shall be paid to the mortgagor, or original owner of the land. It is true, that a mortgage at common law must be assigned by writing under seal, because it conveys an interest in the land; but a mortgage deed under our statute, being made only to secure the payment of a debt, may be assigned like a single bill obligatory, by writing unsealed. The judgment of the court of common pleas is affirmed.

*MAY TERM. 1842.*

*Crinion and others v. Nelson.*

A mortgage deed, under the statute of this State, being made only to secure the payment of a debt, may be assigned by writing unsealed.

---

## BAILEY v. THE BANK OF THE STATE OF MISSOURI.

Where the endorser of a bill of exchange boarded with the drawer, but transacted business in a different house, notice of non-payment delivered to the drawer, was held insufficient to charge the endorser. The notice should have been served on the endorser, or left at his dwelling house, or place of transacting business, or facts shown from which notice might be inferred.